**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| HALO WIRELESS, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>TENNESSEE REGULATORY )<br>AUTHORITY, )<br>)<br>Defendant. ) | <br><br><br><br><br>**CASE NO. 3:12-0680**<br>**JUDGE CAMPBELL/KNOWLES** |

## REPORT AND RECOMMENDATION

On July 12, 2012, Judge Campbell entered an Order referring this action to the undersigned "for customized case management in accordance with Local Rule 16.01, as related to <u>Halo Wireless, Inc. v. Tennessee Regulatory Authority, et al.</u>, Docket No. 3:12-0302." Docket No. 7.

On July 16, 2012, the undersigned entered an Order setting the Initial Case Management Conference in the instant action for September 4, 2012, at 10:00 a.m. That Order provides in relevant part, "Prior to the hearing, counsel for the parties are directed to confer on a Proposed Case Management Order for the progression of this case, which shall be submitted prior to the Case Management Conference." *Id*.

Local Rule 16.01(d)(1)b.2 provides that the responsibility for preparing the Initial Case Management Order rests with counsel for Plaintiff. Counsel did not submit a Proposed Initial Case Management Order. Moreover, counsel representing Defendant Tennessee Regulatory

Authority and the intervening Defendants appeared for the Initial Case Management Conference on September 4, 2012, at 10:00 a.m. No one representing Plaintiff, however, appeared at the Case Management Conference.

At the Case Management Conference, counsel for the TRA advised the Court that Plaintiff Halo Wireless, Inc., had been ordered into Chapter 7 bankruptcy (in the Eastern District of Texas) and a Trustee had been appointed. In the related case referred to above, counsel for the TRA previously filed a "Request for Additional Time in Which to File the Record." Case No. 3:12-302, Docket No. 65. In that filing, counsel for the TRA stated that he had spoken with Linda Payne, the Trustee, on August 14, 2012, and she acknowledged that she had been appointed Trustee. According to counsel for the TRA, "Ms. Payne indicated that she did not anticipate that Halo Wireless, Inc. would continue to pursue this case; however, she would get her attorney to contact me to discuss their position." The record in the bankruptcy court shows that the Trustee sought and, on August 13, 2012, received an Order approving the employment of Bill F. Payne as primary bankruptcy counsel for the estate of Halo Wireless, Inc. According to counsel for TRA, Mr. Payne did not contact him. Neither Mr. Payne nor the Trustee has contacted this Court.

The Court further notes that, in the related case referred to above, Courtroom Deputy Holly Vila sent an e-mail to counsel for the parties on July 30, 2012, requesting that counsel submit a Proposed Case Management Order within the next five (5) business days. One of counsel of record for Plaintiff, Troy P. Majoue, of Dallas, Texas, responded to Ms. Vila as follows:

> I am writing this e-mail in my personal capacity to advise the
> Court that the U.S. Bankruptcy Court (E. D. Tex) converted Halo

2

> Wireless Inc.'s bankruptcy case to a Chapter 7 case and appointed
> a trustee for Halo Wireless, Inc. As a result, our firm is no longer
> authorized to make any filing or to take any other action or make
> any representation on behalf of Halo Wireless, Inc. Any further
> inquiries regarding this matter, including whether it will be
> pursued at all on behalf of the estate of Halo, should be directed to
> the trustee, Linda Payne, and her counsel whose contact
> information is below . . . .

The Court notes that Mr. Majoue is counsel of record for Plaintiff in the instant action, and in the related action referred to above.[1]

From the foregoing, it appears to the Court that the Trustee for Plaintiff has made a decision not to pursue Plaintiff's claims in the instant action. This being the case, the undersigned recommends that this action be DISMISSED WITH PREJUDICE for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[1] The Court further notes that two local attorneys from Nashville have also entered their appearances on behalf of Plaintiff in the instant action. While a Chapter 7 Trustee has been appointed in Texas, those two attorneys have not sought permission to withdraw from their representation of Plaintiff in the case at bar.

_____
E. Clifton Knowles
United States Magistrate Judge